UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL AROLDO WILLIAMS,<br>　　　　Petitioner,<br>　　v.<br>S. PEERY, Warden,<br>　　　　Respondent. | Case No. 16-cv-02297-HSG (PR)<br><br>**ORDER OF DISMISSAL** |

　　　Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his criminal judgment. On August 1, 2016, the Court directed petitioner to show cause why the petition should not be dismissed without prejudice because petitioner had not exhausted his state court remedies. On August 29, 2016, petitioner filed a letter in which he concedes that he has not raised any claims in the California Supreme Court.

　　　As the Court previously advised petitioner, prisoners in state custody who wish to collaterally challenge either the fact or length of their confinement in federal habeas corpus proceedings are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim the prisoners seek to raise in federal court. 28 U.S.C. § 2254(b)-(c). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. *See id.*; *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). The

1  state's highest court must be given an opportunity to rule on the claims even if review is
2  discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one
3  complete round of the State's established appellate review process.").

4  Petitioner does not request that the Court stay and hold his petition in abeyance while he
5  returns to state court to exhaust his claims. Accordingly, the Court DISMISSES the petition
6  without prejudice for failure to exhaust.

7  The federal rules governing habeas cases brought by state prisoners require a district court
8  that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling.
9  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown
10 "that jurists of reason would find it debatable whether the district court was correct in its
11 procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is
12 DENIED.

13 Petitioner seeks guidance on how to file his claims in state court. It is petitioner's
14 responsibility to get his state court petition filed. This Court cannot file the state habeas petition
15 for him. Petitioner is advised that he must present all of his federal claims to the California
16 Supreme Court and wait until he receives a decision from that court before presenting his claims in
17 federal court in a new petition. Petitioner is cautioned to act swiftly to get to state court, proceed
18 through state court, and return to federal court with a new petition so that he does not miss the
19 one-year deadline in the habeas statute of limitations, 28 U.S.C. § 2244(d).

20 The Clerk shall enter judgment and close the file.

21 **IT IS SO ORDERED.**

22 Dated: 9/22/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

2